IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GUSTAVO OCHOA,

                Plaintiff,

v.

LOS NOPALES RESTAURANT
and FRANCISCO LUGO,

                Defendants.

OPINION AND ORDER

13-cv-204-slc

---

Plaintiff Gustavo Ochoa contends that defendants Los Nopales Restaurant and Francisco Lugo violated the Fair Labor Standards Act (FLSA) and Wisconsin wage laws by failing to pay him overtime and minimum wage compensation between August 2012 and January 2013. Before the court is Ochoa's motion for summary judgment in which he argues that defendants have admitted to the alleged violations by failing to respond to his requests for admission, proposed findings of fact and motion for summary judgment. Dkt. 16. Ochoa submitted an affidavit from his attorney which includes an itemization calculation of his damages, attorney fees and costs, Dkt. 19; at the court's request, Ochoa followed up with a corrected calculation of his damages (dkts. 22-23) to which defendants did not respond.

Even though Ochoa's summary judgment motion is unopposed due to defendants' failure to respond, I cannot automatically grant the motion: the court still must find facts and determine whether Ochoa is entitled to judgment as a matter of law. *See, e.g., Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994). Having reviewed the undisputed acts and the record before the court (as supplemented at the court's direction), I conclude that Ochoa is entitled to judgment as a matter of law and that he is entitled to an award of $3,553.00 in minimum wage damages, $2,718.75 in unpaid overtime wages, $6,271.75 in liquidated damages and $5,627.50 in attorney's fees and costs against Lugo in his individual capacity.

From Ochoa's unopposed proposed findings of fact[1] and the court record, I find the following facts to be material and undisputed:

UNDISPUTED FACTS

Plaintiff Gustavo Ochoa was employed by defendant Los Nopales Restaurant from Friday, September 7, 2012 through Sunday, January 6, 2013. Los Nopales is a sole proprietorship owned and operated by defendant Francisco Lugo. Lugo had the power to hire and fire employees, he supervised or controlled employee work schedules or conditions of employment and he determined the rate and method of payment for employees. Defendants generate gross annual revenues of $500,000 or more and have employees engaged in commerce between Wisconsin and places outside of Wisconsin.

On July 17, 2013, Ochoa served his first set of discovery requests on defendants, including 16 requests for admissions. On July 22, 2013, defendants' counsel filed a motion to withdraw as counsel, which the court granted on August 5, 2013. Defendants never responded to any of Ochoa's discovery requests, including the requests for admission. By failing to respond

---

[1] Because the summary judgment motion is unopposed, I must conclude that the facts proposed by Ochoa are undisputed to the extent that they are supported by admissible evidence. *Doe v. Cunningham*, 30 F.3d 879, 883 (7th Cir. 1994); *Strong v. Wisconsin*, 544 F. Supp. 2d 748,759-60 (W.D. Wis. 2008). In a March 13, 2014 text only order (dkt. 21), the court questioned the accuracy of Ochoa's unchallenged damages calculations and invited input from both sides. Ochoa promptly provided corrected calculations (dkts. 22 & 23) to which defendant did not respond. Having checked plaintiff's math, I find that his corrected calculations are correct; if anything now they are a little low because of some rounding down.

to the requests for admission, defendants are deemed to have admitted that they did not preserve the following records related to the period that they employed Ochoa:[2]

- The hours Ochoa worked each workday and each workweek.

- The total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation.

- The total premium pay Ochoa received for overtime hours.

- The schedule of daily and weekly hours Ochoa normally worked and for those weeks in which Ochoa worked more or less than the scheduled hours, records of the exact number of hours worked each day and each week.

In a full Monday-through-Sunday work week, Ochoa worked six days (Tuesday through Sunday), 14 hours every day (from 7:00 a.m. to 9:00 p.m.), for 17 weeks and three days during 2012 and 2013. Defendants paid him a fixed weekly salary without regard to the number of hours he worked. Ochoa worked more than 40 hours every week he worked for defendants, even in his first, three-day workweek. Throughout the course of Ochoa's employment, defendants paid him at the same hourly rate for hours he worked under 40 a week as hours he worked over 40 a week. Ochoa received a weekly salary of $400 regardless of the hours worked.

As illustrated by plaintiff's March 14, 2014 damages chart (Dkt. 23-1, Exh. A) Ochoa has calculated his minimum wage damages by subtracting the amount he received per hour in seventeen full work weeks ($4.76) from the applicable minimum hourly wage rate ($7.25) and multiplying that amount ($2.49) by the number of hours (84) that he worked each week, which

---

[2] *See* F.R. Civ. P. 36(a)(3) (matter admitted unless party to whom request directed serves written answer or objection within 30 days) and 36(b) (matter admitted under rule is conclusively established).

he rounds down to $209 per week, for 17 weeks. This results in minimum wage damages totaling $3,553.

Again referencing his March 14, 2014 chart, Ochoa has calculated his overtime wage damages for his 17 full weeks of work by multiplying one-half of the minimum wage rate ($3.625) by 44 of hours (the amount that he worked over 40 hours each full week) for 17 weeks.[3] This totaled $159.50 per week; 17 weeks of this totals $2711.50. Then Ochoa adds $7.25 for the two hours of overtime he worked in his three day workweek. The total overtime wage damages are $2,718.75. Ochoa's attorney's fees related to this matter are $5,207.50 (he does not claim for time spent recalculating his damages figures at the court's direction) and his costs are $420.

OPINION

**I. Summary Judgment Standard**

Summary judgment is appropriate on a claim when there is no showing of a genuine issue of material fact in the pleadings, depositions, answers to interrogatories, admissions and affidavits, and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party.'" *Sides v. City of Champaign*, 496 F.3d 820, 826 (7th Cir. 2007) (quoting *Brummett v. Sinclair Broadcast Group,*

---

[3] State and federal law requires that all hours over 40 per week are to be compensated at 1.5 times the regular rate of pay, which should have been minimum wage in this case in all but Ochoa's three-day week. *Almy v. Kickert School Bus Line, Inc.*, 722 F.3d 1069, 1071 (7th Cir. 2013).

*Inc.*, 414 F.3d 686, 692 (7th Cir. 2005)).  In determining whether a genuine issue of material facts exists, the court must construe all facts in favor of the nonmoving party.  *Squibb v. Memorial Medical Center*, 497 F.3d 775, 780 (7th Cir. 2007).  Even so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, he must come forward with enough evidence to show that a reasonable jury could find in his favor.  *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).

## II.  Wage Law Violations

Under the Fair Labor Standards Act (FLSA) and Wisconsin state law, employers must pay overtime pay their employees who work more than 40 hours in a work week at a rate of 1.5 times the employee's regular hourly wage.  29 U.S.C. § 207(a)(1); Wis. Stat. § 103.02; Wis. Admin. Code DWD § 274.03.  Covered employers also must pay employees at least minimum wage for all hours worked.  29 U.S.C. § 206(a); Wis. Stat. § 104.02.  During Ochoa's employment both the federal and state minimum wage rate was $7.25 per hour.  29 U.S.C. § 206(a)(1)(C); Wis. Admin. Code DWD § 272.03 (effective July 24, 2009).

Section 203(g) of the FLSA provides that "'employ' includes to suffer or permit to work." Wisconsin defines "employment" as "any trade, occupation or process of manufacture, or any method of carrying on such trade or occupation in which any person may be engaged, or for any place of employment."  Wis. Stat. § 103.01(1)(b).

To determine whether an individual is an employer under the FLSA, courts often use the "economic reality" test. *Hernandez v. City Wide Insulation of Madison, Inc.*, 2006 WL 1993552, *1 (E.D. Wis. July 14, 2006); *George v. Badger State Industries*, 827 F.Supp. 584, 587 (W.D. Wis. 1993). In most cases, courts consider four factors: (1) whether the individual has the power to hire and fire; (2) whether he supervises and controls employee work schedules or conditions; (3) whether he determines the rate and method of payment; and (4) whether he maintains employment records. *Id.* (citing test set forth in *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)). Further, if an individual has "supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation," then he may be held individually liable. *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987); 29 U.S.C. § 203(d). "[A]n individual who controls corporate operations (and the terms and conditions of employees' employment therein) is an 'employer' under the FLSA." *McLaughlin v. Lunde Truck Sales, Inc.*, 714 F. Supp. 920, 923 (N.D. Ill. 1989); *see also Dominguez v. Quigley's Irish Pub, Inc.*, 790 F. Supp. 2d 803, 823-24 (N.D. Ill. 2011) (citing same). An employer is defined similarly under Wisconsin law as "every person having control or custody of any employment or place of employment." Wis. Stat. § 103.01(1)(a).

Here, defendants admit that Los Nopales is a sole proprietorship owned and operated by Lugo, who had the power to hire and fire employees, supervise or control employee work schedules or conditions of employment and determine the rate and method of pay for employees. They also admit that they "suffered or permitted" Ochoa to work at the restaurant. As a result, I find that Lugo was Ochoa's employer under the FLSA and state law.

6

I also find that there is no dispute that Ochoa worked overtime hours without receiving 1.5 times his hourly rate and worked hours for which he was paid less than the minimum wage. Defendants admit that Ochoa worked 14 hours a day, six days a week for 17 weeks for which they paid him $4.76 an hour. They further admit that they have no records with which they can refute Ochoa's claims. After reviewing Ochoa's damage calculations described in the facts above, I conclude that he is entitled to $3,553 in minimum wage damages and $2,718.75 overtime wage damages. In cases such as this one, where the employer has not demonstrated that it acted in good faith and with reasonable grounds to believe that its actions did not violate the FLSA, it is presumed that the employee is entitled to liquidated damages in an amount equal to his unpaid minimum wages and overtime compensation. 29 U.S.C. §§ 216(b) and 260; *Shea v. Galaxie Lumber & Construction Co.*, 152 F.3d 729, 733 (7th Cir. 1998); *McKinney v. Med Group Transportation LLC*, ___ F. Supp. 2d ___, 2013 WL 6709007, *9 (E.D. Wis. Dec. 18, 2013). In this case, that would be $6,271.75. As a result, Ochoa's total damage award against Lugo in his individual capacity equals $12,543.50.

**III. Attorney's Fees and Costs**

Both the FLSA and state law provide for the award of reasonable attorney's fees and costs to a prevailing plaintiff in a wage recovery case. 29 U.S.C. § 216(b); Wis. Stat. § 109.03(6). Ochoa has submitted an itemized fee petition supported by an affidavit from his attorney indicating that the attorney's fees related to this matter are $5,207.50 and costs were $420. Dkt. 19, exh. 3. Attorney David Zoeller spent 15.7 hours on the case and his rate is $275 per hour. Caitlin Madden, a law clerk, spent 7.4 hours on the case drafting discovery requests and

7

the summary judgment motion; her rate is $100 per hour. Armando Veizaga is a paralegal/legal assistant who spent two hours on the case interviewing Ochoa; his rate is $75 per hour. I find that the amount of time spent on this case and the hourly rates are reasonable. Therefore, I will award Ochoa attorney's fees in the amount of $5,207.50. I also find that the amount that Ochoa requests for costs is reasonable and will award costs in the amount of $420. Adding the costs, attorneys fees, actual damages and liquidated damages results in a figure of $18,171.00

ORDER

IT IS ORDERED that Gustavo Ochoa's motion for summary judgment, dkt. 16, is GRANTED. The clerk of court is directed to enter judgment for plaintiff in the amount of $18,171.00 against defendant Francisco Lugo and close this case.

Entered this 28th day of March, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge